**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

IN RE

| | |
|---|---|
| **KENNETH WAYNE STEWART** | **CASE NO. 23-51049** |
| **DEBTOR** | |
| **RANDALL ZEAFLA,** *et al.* | **PLAINTIFFS** |
| V. | **ADV. NO. 23-05058** |
| **KENNETH WAYNE STEWART** | **DEFENDANT** |

**MEMORANDUM OPINION**

The Plaintiffs, Randall Zeafla and Gina Demuro, seek a determination that a state court decision granting judgment for fraud is nondischargeable. [ECF Nos. 11, 20.] The Defendant/Debtor Kenneth Wayne Stewart, objects, claiming he did not receive due process in the state court proceeding and the state court decision does not show he intended to deceive the Plaintiffs. [ECF No. 15.] It is not clear that the state court decision is against the Debtor, so collateral estoppel does not apply.

I. **Jurisdiction and Venue.**

The court has jurisdiction under 28 U.S.C. § 1334. A dischargeability determination is a core proceeding under 28 U.S.C. § 157(b)(2)(I). Venue is proper pursuant to 28 U.S.C. § 1409.

II. **Facts and Procedural History.**

The relevant facts are not disputed. [ECF Nos. 11, 15, 20.] The Plaintiffs hired the Debtor and his construction company, Stewart Management L.L.C. ("Stewart Management"), to build a horse barn and an airplane hangar in November 2019. [ECF No. 11-1.] The contract promised completion by February 2020 and stipulated that "time is of the essence." [*Id.*] The Plaintiffs

filed suit in Hardin County Circuit Court on February 12, 2021, because the work was only partially complete a year after the agreed deadline. [*Id.*] The state court complaint included counts for breach of contract, fraud, fraudulent inducement, violation of K.R.S. § 514.040, and breach of the implied duty of good faith and fair dealing against the Debtor and Stewart Management. [*Id.*]

The Debtor and Stewart Management, as Co-Defendants, appeared through counsel and filed an answer on March 26, 2021. [ECF No. 15-5.] Stewart Management filed counterclaims on the same date. [*Id.*] The Plaintiffs pursued discovery from Stewart Management, but there is no indication any discovery was directed to the Debtor. [ECF Nos. 11-3, 11-4, 11-5, 11-6, 11-7, 15-6, 15-7, 15-8, 15-9, 15-10.] Stewart Management timely answered the request for admissions sent June 25, 2021, but provided deficient responses to the interrogatories and failed to produce any documents. [ECF Nos. 15-8, 15-10.]

Counsel for the Debtor and Stewart Management moved to withdraw without disclosing a specific cause on November 9, 2021. [ECF No. 15-11.] The withdrawal was granted the next day, and the case was stayed for 45 days to give the Debtor and Stewart Management a chance to retain new counsel. [ECF No. 15-12.] No other counsel made an appearance for either the Debtor or Stewart Management in the state court proceeding. [ECF No. 11 at p. 3.]

Neither the Debtor nor Stewart Management appeared at the trial scheduled for July 14, 2022. [*Id.*] The Hardin Circuit Court granted the request for a default judgment, but then conducted a trial. [ECF No. 15-16.] The state court entered a Judgment Order that specifically removed "Default" from the order and assessed liability for consequential damages of $141,000.00, punitive damages of $186,957.00, and fees and costs incurred to date and thereafter. [ECF No. 15-18.]

Neither the Debtor nor Stewart Management appealed or took any other action in the state court. The Plaintiffs began collection efforts, including filing judgment liens and noticing a post-judgment deposition. [ECF Nos. 15-20, 15-21, 15-22.] Rather than appear for the deposition, the Debtor filed his chapter 7 petition on September 9, 2023. [ECF No. 1.]

The Plaintiffs filed the Complaint in this proceeding on December 14, 2023, arguing the state court judgment debt is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2). [ECF No. 1.] The motion for summary judgment and the response were heard on April 18, 2024. [ECF Nos. 11, 15, 20, 22, 23.] The argument disclosed the availability of a record of the July 14, 2022, state court hearing, so the Plaintiffs were ordered to supplement the record and the Debtor was allowed an opportunity to respond. [ECF Nos. 24, 29, 30, 32, 36.] The Plaintiffs' request for leave to file a supplemental brief was denied and the matter was submitted for this decision. [ECF Nos. 31, 33-35.]

### III.  Legal Standard.

Summary judgment is appropriate when the evidence, construed in the light most favorable to the non-movant, confirms there is no genuine issue of material fact, and the movant is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c) (incorporated by FED. R. BANKR. P. 7056); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A genuine issue of material fact exists when there are "disputes over facts that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). On a motion for summary judgment, "the judge's function is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249.

IV.     **Analysis.**

The Debtor alleges procedural deficiencies to suggest he did not receive a fair opportunity to defend himself in the Hardin Circuit Court proceeding. The claim that he was not properly served because his then-girlfriend accepted service is rejected because the Debtor voluntarily appeared, answered, and initially defended the lawsuit. [ECF Nos. 11-2, 11-3, 11-4, 11-5.] *See Jessie v. First Nat'l Bank of Grayson*, No. 2021-CA-0563-MR, 2022 Ky. App. Unpub. LEXIS 116, at *7 (Ky. Ct. App. Feb. 25, 2022); *Rosenberg v. Bricken*, 194 S.W.2d 60, 62(Ky. 1946).

The Debtor also claims he did not know his lawyer withdrew and did not receive service of any papers after the November 10, 2021, withdrawal date. [ECF No. 15 at p. 4.] Therefore, he did not know there was a judgment against him until the Plaintiffs began their collection efforts in 2023. [*Id*.] The various addresses used by the Debtor and Stewart Management are the basis for his due process concerns. There is just enough information in the record to question the extent of the Judgment Order as it applies to the Debtor.

The Hardin Circuit Court judge initially entered a Default Judgment Order granting judgment "**against the Defendant** on liability for all their claims contained within the Verified Complaint" and denied the counterclaims based on the discovery violations and delays leading up to the trial. [ECF No. 11-9 (emphasis supplied).] The Hardin Circuit Court then took evidence and entered a Judgment Order granting judgment in favor of the Plaintiff "**against the Defendant**" that specifically removed "Default" from the judgment. [ECF No. 11-10 (emphasis supplied).]

The Default Judgment Order indicates the oral motion for default judgment applied to both the Debtor and Stewart Management. But the order was only granted against one Defendant

4

and the counterclaim was denied based on the violations of the pretrial discovery orders. [ECF No. 11-9 (handwritten addition to order).] The discovery and related violations solely applied to Stewart Management. *See* Part I *supra*. Therefore, the Default Judgment Order reads like it is against Stewart Management and not the Debtor in this proceeding.

The Judgment Order indicates it is a result of the request for default judgment. [ECF No. 11-10.] This would suggest the Judgment Order only applies to Stewart Management because it was the apparent focus of the Default Judgment Order. This reading is further supported by the assessment of liability against one Defendant, and not both the Debtor and Stewart Management. [*Id.*] Therefore, it is not sufficiently clear that the Judgment Order and the assessment of liability were entered against the Debtor in this proceeding.

The Debtor also claims he was harmed by the lack of notice of the withdrawal of his counsel. The state court summons was served via certified mail at the Debtor's home address, 2311 Ballard Road, Lancaster, Kentucky. [ECF No. 15-2.] The Debtor moved from the Ballard Road address in late Summer 2021. [ECF No. 15 at p. 4.] The Debtor claims he told his attorney to use texts to update him on the progress of the case until he found a permanent address after his move, but he never received any communications thereafter. [*Id*. at p. 8.]

The Notice of Withdrawal indicates service on "Stewart Management LLC" at 1185 Donmar Drive, Lancaster, KY. The Donmar Drive address was used by Stewart Management until February 10, 2021, when the address was changed with the Kentucky Secretary of State to the Debtor's Ballard Road residence. [ECF No. 20-1.] The Notice of Withdrawal was also served on the Debtor, in his individual capacity, at the Ballard Road address. [ECF No. 15-19.]

The Hardin Circuit Court records indicate that the copies of the withdrawal order sent on November 12, 2021, to both the Donmar Drive and Ballard Road addresses were returned

5

undelivered. [ECF Nos. 15-13, 15-19.] It is tempting to hold the Defendant responsible for the unreasonable failure to monitor his case. *See, e.g., Harness v. Taft*, 801 F. App'x 374, 377 (6th Cir. 2020); *Couch v. Panther Petro., LLC (In re Couch)*, 704 F. App'x 569, 575 (6th Cir. 2017). A litigation party is usually charged with his lawyer's failure, gaining recourse through a claim against his counsel. *See Couch*, 704 F. App'x at 575. But when the service errors are added to the fact that the Plaintiffs' discovery and the state court judgment orders appear focused solely on Stewart Management, the Debtor's due process and fundamental fairness arguments have more weight.

Therefore, collateral estoppel will not apply. The Plaintiffs must show the issue in the first case: (1) is the same as the second case; (2) was actually litigated; (3) was actually decided; and (4) was necessary to the court's judgment. *CMCO Mortg., LLC v. Hill (In re Hill)*, 957 F.3d 704, 711 (6th Cir. 2020) (citing *Coomer v. CSX Transp., Inc.*, 319 S.W.3d 366, 374 (Ky. 2010)). Here, the lack of a clear indication that the Default Judgment Order and the Judgment Order were entered against the Debtor prevents a conclusion the Debtor's liability was actually litigated and decided. Further, the question regarding procedural fairness is enough to deny application of collateral estoppel on these facts.

V.    **Conclusion.**

Based on the foregoing, the Motion for Summary Judgment [ECF No. 11] is DENIED.

___

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Gregory R. Schaaf*
**Bankruptcy Judge**
**Dated: Tuesday, July 2, 2024**
(grs)